**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

**FRED BROUWER**                                                                                                       **PLAINTIFF**

**v.                                  CIVIL NO.  5:14-cv-5344**

**CITY OF LOWELL, ARKANSAS,
OFFICER KYLE HEITZ, BENTON
COUNTY JAIL GUARD (NAME UNKNOWN),
BENTON COUNTY DISTRICT COURT JUDGE,
LOWELL DIVISION,
BENTON COUNTY PROSECUTING ATTORNEY**                                       **DEFENDANTS**

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

The Plaintiff, Fred Brouwer, has filed an application to proceed *in forma pauperis* under 28 U.S.C. § 1915.  (Doc. 2)  Pursuant to 28 U.S.C. § 1915(e)(2) the court has the obligation to screen any complaint in which an individual has sought leave to proceed IFP.  28 U.S.C. § 1915(e)(2).

In reviewing an *in forma pauperis* application, there is a two step process followed by the court. First, a determination of whether the plaintiff qualifies by economic status under § 1915(a)(1) and, if so, to permit the complaint to be filed. Second, a determination of whether the cause of action stated in the complaint is frivolous or malicious and, if so, to dismiss the complaint. Martin-Trigona v. Stewart, 691 F.2d 856, 857 (8th Cir. 1982).  28 U.S.C. § 1915(e)(2)(B)(On review, the court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.).

**I.       BACKGROUND**

The following facts were presented to the Court in Plaintiff's Complaint (Doc.  9).  Plaintiff states he is suing the Defendants for denial of his constitutional rights in connection with his May

15, 2013 detention in jail in Lowell, Arkansas. (Doc. 9, p. 4) The Plaintiff states that he wants to know why he was in handcuffs for two hours before Officer Kyle Heitz told him he was under arrest. (Doc. 9, p. 5) The Plaintiff states he suffered physical and mental suffering during this time. (Doc. 9, p. 5) Plaintiff further states that when he asked another jail guard if he could make a phone call he was asked if he had a credit card. (Doc. 9, p. 8)

The Plaintiff also states that while handcuffed he asked to talk to an attorney; and that the arresting officer told him he would get one after booking but that did not happen. (Doc. 9, p. 5) Further, Plaintiff states that he asked the prosecuting attorney to talk to an attorney and that he was told that he did not need one; that he was required to come to court four times alone; and, that he was not allowed to have his paperwork on the charges against him. (Do. 9, p. 11) Finally, the Plaintiff states that he was put on probation for a year although he was "never proven guilty for the crimes" and that he was told that the state could call him back to court any time for another year. (Doc. 9, p.12)

The Plaintiff is seeking compensatory damages of "one point one million dollars" for physical and mental pain and suffering; and for his "criminal record with the state of Arkansas" to be clean. (Doc. 9, p. 17)

## II.   DISCUSSION

Because Plaintiff is proceeding IFP,  the Court must next determine whether the causes of action stated in the complaint are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § § 1915(e)(2)(B). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). To state a claim under 42 U.S.C. § 1983, as

Plaintiff is attempting to do here, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *See* West v. Atkins, 487 U.S. 42, 48 (1988). Although "'detailed factual allegations are not required,'" a complaint must include enough facts to "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678-679 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. While *pro se* complaints are to be construed liberally, courts must still apply the "plausibility standard." *See* Ventura-Vera v. Dewitt, 2011 WL 2184269, *1 (8th Cir. June 7, 2011).

### Benton County District Court Judge and Prosecutor

Plaintiff's Complaint names as Defendants both the Benton County District Court Judge and the Benton County Prosecutor. Both are immune from suit.

The Benton County District Court Judge is entitled to judicial immunity from suit. Mireles v. Waco, 502 U.S. 9, 11 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). *See also* Duty v. City of Springdale, 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." Robinson v. Freeze, 15 F.3d 107, 108 (8th Cir. 1994). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." Stump v. Sparkman, 435 U.S. 349, 356-57 (1978).

Judicial immunity is overcome in two situations: (1) if the challenged act is nonjudicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction.

Mireles, 502 U.S. at 11.  It is clear from the allegations of the complaint that neither situation applies here.

In the past, claims for declaratory and injunctive relief "have been permitted under 42 U.S.C. § 1983 against judges acting in their official capacity."  Nollet v. Justices of Trial Court of Com. of Mass., 83 F. Supp. 2d 204, 210 (D. Mass. 2000), *aff'd without op.,* 248 F.3d 1127 (1st Cir. 2000)(*citing* Pulliam v. Allen, 466 U.S. 522 (1984)).  "However, in 1996 Congress passed the Federal Courts Improvement Act ("FCIA"), Pub. L. No. 104-317, Title III § 309(c), 110 Stat. 3847, 3853, which legislatively reversed Pulliam in several important respects."  Nollet, 85 F. Supp. 2d at 210.  As amended by the FCIA § 1983 now precludes injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

The Plaintiff does not allege that either of these prerequisites for injunctive relief are met. *See e.g.,* Montero v. Travis, 171 F.3d 757, 761 (2d Cir. 1999)(holding injunctive relief against a quasi-judicial official is barred if the plaintiff fails to allege a violation of a declaratory decree or the unavailability of declaratory relief); Fox v. Lee, 99 F. Supp. 2d 573, 575-576 (E.D. Pa. 2000)(claim for injunctive relief dismissed where plaintiff's complaint fails to allege that either of the prerequisites to injunctive relief were met); Ackermann v. Doyle, 43 F. Supp. 2d 265, 273 (E.D. N.Y. 1999)(dismissing action against judicial officers because plaintiff failed to allege that a declaratory decree was violated or the declaratory relief was unavailable).

Furthermore, to be entitled to equitable relief, "plaintiff must show that he has an inadequate remedy at law and a serious risk of irreparable harm."  Mullis v. U.S. Bankruptcy Court for Dist. of Nevada, 828 F.2d 1385, 1392 (9th Cir. 1987)(citations omitted).  Equitable relief is not appropriate

where an adequate remedy under state law exists. Pulliam, 466 U.S. at 542 & n. 22.  *See also* Sterling v. Calvin, 874 F.2d 571, 572 (8th Cir. 1989).  An adequate remedy at law exists when the acts of the judicial officer can be reviewed on appeal or by extraordinary writ.  Mullis, 828 F.2d at 1392 (citation omitted).  *See also* Nelson v. Com, 1997 WL 793060, 2 (E.D. Pa. 1997)(appellate review of conviction provides plaintiff an adequate remedy under state law).  *See also* J&M Mobile Homes, Inc. v. Hampton, 347 Ark. 126, 60 S.W.3d 481 (2001)(discussing when a writ of prohibition is appropriate); Hawthone v. Langley, 2001 WL 333057 (Ark. Apr. 5, 2001)(recognizing the circuit court has authority to direct its clerk to perform duties pertaining to a case filed in that court).

The Prosecuting Attorney is also immune from suit.  The United States Supreme Court, in Imbler v. Pachtman, 424 U.S. 409 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case."  Id., 424 U.S. at 427.  This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process."  Id., 424 U.S. at 430.   *See also* Buckley v. Fitzsimmons, 509 U.S. 259 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity).  Based on the allegations of the complaint, it is clear the Defendant Prosecuting Attorney is entitled to absolute immunity.  *See also* Brodnicki v. City of Omaha, 75 F.3d 1261 (8th Cir. 1996)(County prosecutors were entitled to absolute immunity from suit).

To the extent the Plaintiff's complaint seeks injunctive relief, I find the claim not cognizable. While the Supreme Court has not held that this immunity insulates prosecutors from declaratory or injunctive relief, *see* Pulliam v. Allen, 466 U.S. 522 (1984), a plaintiff must show some substantial

likelihood that the past conduct alleged to be illegal will recur. Further, injunctive relief is not appropriate where an adequate remedy under state law exists. *Id.*, 466 U.S. at 542 & n.22. *See also* Bonner v. Circuit Court of St. Louis, 526 F.2d 1331, 1336 (8th Cir. 1975).

### City of Lowell, Arkansas and Official Capacity Claims

Plaintiff's Complaint also names the City of Lowell, Arkansas as a Defendant and asserts claims against several Defendants in their official capacity. "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing government entity." *See* Baker v. Chisom, 501 F.3d 920, 925 (8th Cir. 2007). Further, a municipality can only be liable under § 1983 if an "action pursuant to official municipal policy of some nature caused a constitutional tort." Monell v. Department of Social Services, 436 U.S. 658, 691 (1978). Because Plaintiff's Complaint has not set forth the existence of a custom or policy of a governmental agency that caused a constitutional violation, all official capacity claims and claims against the City of Lowell must be dismissed.

### Officer Kyle Heitz and Unknown Jail Guard

The remaining claims are against Officer Kyle Heitz and an Unknown Jail Guard. With respect to Officer Heitz, the Plaintiff claims Heitz left him in handcuffs for two hours before he was told he was under arrest. (Doc. 9, p. 4). The Plaintiff also states that he asked Heitz to talk to an attorney and Heitz told him he would get one when he got booked in and "that never happened". (Doc. 9, p. 5). Although the Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures," here, the Plaintiff does not complain of lack of probable cause for the seizure causing him to be handcuffed;

but is, rather, complaining that after the seizure he was not told he was 'under arrest'. This complaint does not constitute a cognizable claim for relief under the Constitution. U.S. Const., Amdt. 4.

The Plaintiff further states that he asked to talk to an attorney and was told that he would get an attorney after booking. "The Sixth Amendment guarantees that '[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel . . . .'" United States v. Gouveia, 467 U.S. 180, 188 (1984). This "right to counsel attaches at the initial appearance before a judicial officer." Rothgery v. Gillespie County, Tex., 554 U.S. 191, 199 (2008). Here, Officer Heitz was, apparently, the booking officer. There is no indication that Officer Heitz conducted an interrogation of the Plaintiff and no indication that Officer Heitz was charged with the task of appointing counsel for the Plaintiff. Because Plaintiff's Complaint has not set forth a cognizable constitutional claim against Officer Heitz, all claims against Heitz must be dismissed.

Finally, as against the Unknown Jail Guard, the Plaintiff asserts that he requested to use the telephone and was not allowed for the two days and two nights he was held in jail. (Doc. 9, p. 3). Plaintiff further asserts that when he asked to make a phone call, the Jail Guard asked him if he had a credit card. (Doc. 9, p. 8) Plaintiff was a pre-trial detainee at the time of the events set forth in his complaint. As a pre-trial detainee, his claims are analyzed under the Fourteenth Amendment Due Process Clause, rather than the Eighth Amendment. Lane v. Hutcheson, 794 F.Supp. 877, 882 (E.D. Missouri, 1992). "Due process prohibits punishment of persons prior to adjudication of guilt, however, '[n]ot every disability imposed during the pretrial detention amounts to 'punishment' in a constitutional sense." Id. (quoting Bell v. Wolfish, 441 U.S. 520, 537 (1979)). "A minimal deprivation does not violate the Constitution." Id. Here, the Plaintiff claims that the Jail Guard

indicated that he needed a credit card to make a telephone call during the two days and two nights he was held.  The period of time which the Plaintiff was held was minimal and there is no indication that he would *not* be allowed to make a phone call *with* a credit card and no indication that the Plaintiff was prejudiced in any way due to his phone limitation.  *See also*, Berdella v. Delo, 972 F.2d 204 (8th Cir. 1992)(finding no showing by the plaintiff that restrictions on mail access caused a prejudicial denial of access to the courts).   Plaintiff's Complaint does not set forth a valid claim against the Unknown Jail Guard and must be dismissed.

### III.    CONCLUSION

Accordingly, I recommend that Plaintiff's Complaint (Doc.  9) be **DISMISSED WITH RESPECT TO ALL CLAIMS** as it is frivolous, fails to state a claim, and seeks relief from a Defendant who is immune from such relief.  See 28 U.S.C. § § 1915(e)(2)(B).

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 12th day of August, 2015.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE