IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**FRED BROUWER**                                                                                       **PLAINTIFF**

V.                            CASE NO. 5:14-CV-5344

**CITY OF LOWELL, ARKANSAS,**
**OFFICER KYLE HEITZ,**
**BENTON COUNTY JAIL GUARD,**
**BENTON COUNTY DISTRICT COURT**
**LOWELL DIVISION JUDGE, and**
**BENTON COUNTY DISTRICT COURT**
**LOWELL DIVISION PROSECUTING ATTORNEY**                                  **DEFENDANTS**

## ORDER

On August 12, 2015, the Honorable Erin L. Setser, United States Magistrate Judge for the Western District of Arkansas, submitted a Report and Recommendation ("R & R") (Doc. 10) following preservice screening of Plaintiff Fred Brouwer's Complaint, as contemplated by 28 U.S.C. § 1915.  Mr. Brouwer asserts claims for violations of his constitutional rights under 42 U.S.C. § 1983 against the City of Lowell, Arkansas; Officer Kyle Heitz; an unnamed guard in the Benton County Jail; and an unnamed judge and unnamed prosecuting attorney in the Lowell Division of the Benton County District Court. The Magistrate Judge recommended dismissing all claims.  The R & R found that the judge was entitled to judicial immunity, that the prosecutor was entitled to absolute immunity, and that the Complaint did not describe any constitutional violations committed by any of the other defendants.  Mr. Brouwer filed objections to the R & R on August 31, 2015.  (Doc. 11).

1

After reviewing the entire record of the case *de novo*, the Court finds that Mr. Brouwer's objections offer neither law nor fact requiring deviation from the Magistrate Judge's well-reasoned R & R. Rather, Mr. Brouwer's objections simply restate some of the claims set forth in his Complaint. Mr. Brouwer does not describe any conduct by the Defendant Judge that was either nonjudicial in nature or taken in the complete absence of all jurisdiction, *see Mireles v. Waco*, 502 U.S. 9, 11-12 (1991), or by the Defendant Prosecutor that was not "intimately associated with the judicial phase of the criminal process," *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Furthermore, Mr. Brouwer does not describe any actions taken by the Defendant Judge or Defendant Prosecutor that would be unreviewable on appeal in state court. See *Sterling v. Calvin*, 874 F.2d 571, 572 (8th Cir. 1989). Finally, Mr. Brouwer does not describe any unconstitutional custom or policy by the City of Lowell or the Benton County Jail, *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 691 (1978), or any violations of his constitutional rights by Officer Heitz or the unnamed Defendant Guard.

Therefore, Mr. Brouwer's objections (Doc. 11) are overruled, the R & R (Doc. 10) is **ADOPTED IN ITS ENTIRETY**, and the case is **DISMISSED WITHOUT PREJUDICE** due to frivolousness, immunity issues, or failure to state claims upon which relief may be granted. The dismissal of this case will constitute a strike under 28 U.S.C. § 1915(g). The Clerk is directed to place a strike flag on the case.

**IT IS SO ORDERED** on this 15th day of December, 2015.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

2